UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MATTHIAS MILLS,<br>Plaintiff,<br>v.<br>PLACER COUNTY SHERIFFS OFFICE, et al.,<br>Defendants. | No. 2:25-cv-02035-EFB (PC)<br><br>ORDER |

Plaintiff is a county jail inmate proceeding in forma pauperis and without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff seeks leave to proceed in forma pauperis. ECF No. 2. He has also filed two motions asking the court to compel his custodian to provide him with an MRI (ECF Nos. 10, 17) and a motion to "accept my demand for a jury trial" (ECF No. 11).

**I. In Forma Pauperis Application**

Plaintiff has not submitted his in forma pauperis request on a proper form. Plaintiff's request for leave to proceed in forma pauperis will be denied, and plaintiff will be granted thirty days to submit a new request on a proper form. Plaintiff is cautioned that the form includes a section that must be completed by a prison official, and the application form must be accompanied by a certified copy of plaintiff's prison trust account statement for the six-month

period immediately preceding the filing of this action.

## II. Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Plaintiff alleges that, during his arrest on June 30, 2025, three unidentified officers with the Placer County Sheriff's Office subjected him to excessive force by bending his arms, causing one of his shoulders to "pop," despite plaintiff's complaints of pain and compliance with the officers' directions. ECF No. 1 at 2. Plaintiff further alleges that, once booked into the jail, defendant Officer Dhal placed plaintiff in a cell with known gang member Johnithan Green and told Green that plaintiff had "weird charges." *Id.* Green later attacked plaintiff. *Id.* Although plaintiff's arm had been injured during the arrest, "It took several days [after booking] to be seen about my arm and I was only given IB profen [*sic*] for a few days and not put on a list to be seen by a doctor as I had asked for." *Id.*[1]

Claims of excessive force during an arrest of a free citizen are evaluated under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (en banc) ("A Fourth Amendment claim of excessive force is analyzed under the framework outlined by the Supreme Court in *Graham v. Connor*."). This analysis focuses on whether officers' actions were "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397. Construed liberally, and for the purposes of § 1915A, plaintiff has stated potentially cognizable excessive force claims against his arresting officers. However, "pursuant to Fed. R. Civ. P. 10, a caption to a complaint must include the names of all parties." *Culp v. Williams*, No. 10-cv-00886-CMA-CBS, 2011 U.S. Dist. LEXIS 46601, 2011 WL 1597686, at *3 (D. Colo. Apr. 27, 2011), aff'd, 456 F. App'x 718 (10th Cir. 2012). The Federal Rules of Civil Procedure "do not explicitly allow the naming of fictitious or anonymous parties in a lawsuit," thus, "an action may be dismissed if the defendant is not sufficiently identified to permit service of process." *Id.* (quotation omitted). Plaintiff must obtain the names of the

---

[1] Plaintiff's complaint also includes allegations of malicious prosecution. To the extent plaintiff wishes to pursue a claim of malicious prosecution, such claim is likely barred in this action by the rule of *Heck v. Humphrey,* 512 U.S. 477 (1994). In that case and its progeny, the Supreme Court has held that, where a judgment in a prisoner's favor on § 1983 action would necessarily imply the invalidity of the prisoner's confinement, the prisoner's claim is not cognizable until he demonstrates that the sentence or conviction has been invalidated. *Heck*, 512 U.S. at 483, 486-87.

officers he sues as John Does. The court cannot order service on an unknown party. If plaintiff is unable to obtain the names of these officers, he may pursue a subpoena to the Sheriff's Office under Federal Rule of Civil Procedure 45 to obtain the records of his arrest.

To state a claim for failure to protect in violation of the 14th Amendment, a pretrial detainee must allege facts showing:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016). Plaintiff's allegations that Dhal housed him with a known gang member, and that he told that individual that plaintiff had "weird charges" do not suffice to establish conditions putting plaintiff at substantial risk of serious harm or that a reasonable officer would know that doing so would obviously place plaintiff at a high degree of risk. Plaintiff does not allege that Dhal knew or had reason to believe that Green would assault plaintiff based on his gang affiliation or Dhal's alleged vague description of plaintiff's charges.

Plaintiff's claim regarding his medical care in the jail is also governed by the 14th Amendment. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1241-43 (9th Cir. 2010) (14th Amendment applicable to claim by pretrial detainee of failure to address medical needs). Nevertheless, regarding the provision of medical care to a pretrial detainee, the familiar Eighth Amendment standard of deliberate indifference applies. *Id.*

To state a claim predicated on indifference to medical needs, a plaintiff must allege facts showing that: (1) he had a serious medical need and (2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm

exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Neither negligence nor gross negligence warrant liability under the Eighth Amendment. *Id*. at 835-36 & n.4. "[A]n inadvertent failure to provide adequate medical care" does not, by itself, state a deliberate indifference claim for § 1983 purposes. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992) (internal quotation marks omitted); *see also Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Plaintiff has named as a defendant an unidentified nurse who saw him on July 7, 2025, but the complaint itself contains no allegations against this defendant. It is not clear from the complaint that this nurse was responsible for any decisions about plaintiff's treatment. In addition, plaintiff's allegations that it took several days for his arm to be examined, he was given only ibuprofen for a few days, and he was not referred to a doctor do not sufficiently allege that any care provider knew that such treatment would expose plaintiff to a substantial risk of serious harm.

Plaintiff has also named the Placer County Sheriff's Office as a defendant. A municipal entity, like a sheriff's department, cannot be held liable under § 1983 solely because it employs an individual who violated the Constitution. *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404-05 (1997). If plaintiff wishes to impose liability on the Sheriff's Office (rather than, or in addition to, individual persons responsible for the conduct described in the complaint), he must identify a county or jail policy or custom that caused that conduct. *Id.*

Plaintiff will be given the opportunity to amend his complaint to cure the deficiencies identified herein.

<u>Leave to Amend</u>

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Further, any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

<u>Motions for MRI</u>

Plaintiff asks the court to compel his custodian to provide him with an MRI. ECF Nos. 10, 17. Plaintiff is currently confined in the West Virginia Regional Jail. Neither that institution, nor any of its employees, are parties to this action or are affiliated with any defendant. The court thus lacks jurisdiction to issue orders directing them to act. *See Chase Nat'l Bank v. Norwalk*, 291 U.S. 431, 437 (1934).

<u>Motion Demanding Jury Trial</u>

Plaintiff asks the court to recognize his demand for jury trial, which he inadvertently left out of the complaint. ECF No. 11. Federal Rule of Civil Procedure 38(b) provides:

> On any issue triable of right by a jury, a party may demand a jury trial by:
>
> (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and
>
> (2) filing the demand in accordance with Rule 5(d).

As no defendant has yet been served and plaintiff must file an amended complaint to proceed, he merely needs to include his jury demand in his amended complaint. A motion is not necessary.

////

Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice.

2. The Clerk of Court is directed to send plaintiff this court's form application to proceed in forma pauperis.

3. Plaintiff shall have 30 days from the date of this order to submit a proper application to proceed in forma pauperis or pay the filing fee.

4. The complaint is dismissed with leave to file an amended complaint within 30 days of this order. The amended complaint must bear the docket number assigned to this case and be titled "Amended Complaint."

5. Plaintiff's motion to accept his demand for a jury trial (ECF No. 11) is denied as unnecessary.

6. Plaintiff's motions for an order compelling his custodians to provide him with an MRI (ECF Nos. 10, 17) are DENIED.

7. Failure to comply with this order may result in a recommendation that this action be dismissed for failure to state a claim and/or failure to prosecute.

DATED: September 28, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE